BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 15 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE ROYAL TYPEWRITER CO. (ROYAL )
BOND COPIER) BREACH OF WARRANTY  )     DOCKET NO. 292
LITIGATION                       )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*,
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY*, JUDGES OF THE
PANEL

PER CURIAM

This litigation consists of three actions pending in two federal districts: two in the Southern District of Indiana and one in the Southern District of Florida.

One of the Indiana actions (Booher) was commenced against Royal Typewriter Co., a division of Litton Business Systems, Inc. (Royal-Litton); Royal Typewriter Co., a division of Royal Business Machines, Inc. (Royal-Nevada); and Litton Industries Credit Corporation. These three companies are allegedly subsidiaries or divisions of the same parent corporation. The complaint in this action alleges that the defendants breached express and implied warranties in the sale of Royal Bond copiers and related parts and supplies to the plaintiffs, who are engaged in the business of selling and leasing photocopy equipment. Plaintiffs also allege that

---

*Judges Becker, Lord and Caffrey took no part in the consideration or decision of this matter.

-2-

the defendants made fraudulent representations concerning, inter alia, their plans for marketing the copiers in the Indianapolis, Indiana area. The second Indiana action (Royal) was filed by Royal-Nevada against the plaintiffs in Booher. The complaint in Royal is based upon the alleged breach of promissory notes and security agreements covering the Royal Bond copiers and related equipment sold by Royal-Nevada to the Booher plaintiffs. Booher and Royal have been consolidated in the Southern District of Indiana.

The Florida action was brought by Royal-Litton against two Florida companies and two individuals engaged in the business of selling and leasing photocopy equipment. Basically, the complaint in this action alleges that the defendants violated the terms of various promissory notes and security agreements covering Royal Bond copiers, and that defendants illegally altered the promissory notes.

Plaintiffs in Booher move the Panel for an order pursuant to 28 U.S.C. §1407 transferring the two Indiana actions to the Southern District of Florida for coordinated or consolidated pretrial proceedings with the action pending there. The remaining parties in the Indiana actions oppose transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

The movants contend that the Florida action and the Indiana actions share factual questions concerning representations by Royal-Litton and Royal-Nevada about Royal Bond copiers, and that transfer of all actions to a single district is therefore necessary. Movants argue that the Indiana actions should

be transferred to the Southern District of Florida because discovery is at a more advanced stage there than in the Indiana court.

These arguments are unpersuasive. Only three actions in two federal districts are involved here. Much of the factual inquiry in the Florida action as compared to that in the Indiana actions differs because of the separate contractual relationships involved in the respective actions. And whatever common factual questions that may be present are not, in our view, so complex or the accompanying discovery so time consuming as to warrant transfer. See In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969).

Furthermore, we are advised that discovery in the Florida action is substantially complete and that this action is nearly ready for trial. The present posture of the Florida action thus provides an additional reason why transfer under Section 1407 of the actions presently before us would neither serve the convenience of the parties nor promote the just and efficient conduct of the litigation. See In re Luminex International, Inc. Products Liability Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed June 30, 1977); In re Braniff Airways, Inc. Employment Practices Litigation, 411 F. Supp. 798, 800 (J.P.M.L. 1976).

The parties opposing the motion presented here contend that the motion is frivolous and that the Panel should order movants to pay the attorneys' fees and travel expenses of the opponents of the motion in order to discourage the future filing of groundless Section 1407 motions. We are not

- 4 -

persuaded that the present 1407 motion is frivolous and, consequently, deny this request.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

## SCHEDULE A

DOCKET NO. 292

| | Civil Action No. |
|---|---|
| **SOUTHERN DISTRICT OF INDIANA** | |
| Lorraine Corp., et al. v. Royal Typewriter Co., etc., et al. | IP-76-502-C |
| Royal Typewriter Co., etc. v. Michael L. Booher, etc., et al. | IP-76-496-C |
| **SOUTHERN DISTRICT OF FLORIDA** | |
| Royal Typewriter Co., etc. v. Xerographic Supplies Corp., et al. | 76-440-Civ-SMA |